IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                       No. CR 98-632 MV

RUBEN LUNA,

    Defendant.

# MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion for New Trial and For Leave to File the Motion Out of Time [**Doc. 110**]. The Court, having considered the motion, response, relevant law, and being otherwise fully informed, finds that the motion is not well-taken and will be **DENIED**.

Following a two day jury trial, Defendant was convicted of all three counts in the indictment: Count I – conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(B)(1)(b); Count II – possession with intent to distribute more than 500 grams of cocaine, in violation of 18 U.S.C. § 841 (a)(1) and 21 U.S.C. § 841 (b)(1)(B), and aiding and abetting, in violation of 18 U.S.C. §2; and Count III – possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Defendant now moves for a new trial and for leave to file the motion past the time limit allowed by Federal Rule of Criminal Procedure 33.

Federal Rule of Criminal Procedure 33 provides that, "[o]n a defendant's motion, the court may grant a new trial to that defendant if the interests of justice so require." Fed.R.Crim.P. 33. Under the rule, a motion based on newly discovered evidence may be made within three years of the verdict, but a motion on any other grounds must be brought within seven days of the verdict. *Id.*

Defendant was convicted in this case on June 3, 1999, and his Motion for New Trial was filed October 29, 1999 – well beyond seven days. Defendant's motion is based on his charge that his trial counsel provided ineffective assistance. Defendant argues that his motion is timely because evidence of the ineffective assistance is new evidence. In the alternative, Defendant urges the Court to find his motion timely based on his contention that he could not bring his ineffective assistance arguments while trial counsel was still appointed. It was not until current counsel was appointed that Defendant could bring the present motion. The Court need not consider this latter argument because it is jurisdictionally barred from considering Defendant's motion, as explained below. However, the Court notes that current counsel was appointed on August 6, 1999, and the motion was filed more than two months later on October 29, 1999.

The Court cannot grant Defendant an extension of time to file a motion for a new trial. Though the Court could have granted an extension if it was sought within seven days of the verdict, Fed.R.Crim.P. 33., it cannot do so after the seven days have passed. The seven-day time limit for filing a motion for a new trial on any grounds other than newly discovered evidence, is a jurisdictional limit on the district court's power to act. *See United States v. Haddock*, 956 F.2d 1534, 1544 (10th Cir. 1992); *United States v. Miller*, 869 F.2d 1418, 1420 (10th Cir. 1989). Therefore, this Court is barred from considering Defendant's motion unless it is based on newly discovered evidence. Though Defendant argues that the ineffective assistance grounds is new evidence, this argument has been consistently rejected. *See, e.g.*, *United States v. Jackson*, 88 F.3d 845, 847 (10th Cir. 1996) (citing *Miller*, 869 F.2d at 1421); *United States v. Medina*, 118 F.3d 371, 372-72 (5th Cir. 1997); *United States v. Seago*, 930 F.2d 482, 488-89 (6th Cir. 1991); *United States v. Lema*, 909 F.2d 561, 565 (1st Cir. 1990); *United States v. Ugalde*, 861 F.2d 802, 806 (5th Cir. 1988). In sum, the Court is jurisdictionally barred from considering Defendant's motion. Accordingly, it must be denied.

**IT THEREFORE ORDERED** that Defendant's Motion for New Trial and for Leave to File the Motion Out of Time [**Doc. 110**] is hereby **DENIED**.

**IT IS FURTHER ORDERED** that sentencing in this matter is hereby set for **Monday, November 29, 1999, at 11:00 o'clock a.m., Santa Fe, New Mexico.**

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　MARTHA VÁZQUEZ
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Attorney for Government:
　　David Williams

Attorney for Defendant:
　　Marc Robert